UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS GESUALDI and FRANK FINKEL,
Trustees of Local 282 International Brotherhood of
Teamsters Welfare, Pension, Annuity, Job Training
and Vacation Sick Leave Trust Funds,

          Plaintiffs,

  -against-

STALLONE TESTING LABORATORIES, INC.,

          Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-646 (ENV) (LB)

**VITALIANO, D.J.**

On June 1, 2010, the Court granted plaintiffs' motion for default judgment and referred this action to Magistrate Judge Lois Bloom to conduct an inquest. On December 17, 2010, Magistrate Judge Bloom issued a Report & Recommendation (the "Report"), and plaintiffs filed objections on December 30, 2010, arguing that the Report erroneously reduced the amount of attorney's fees. For the reasons set forth below, the Court adopts the Report in its entirety.

**I. DISCUSSION**

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). On points as to which no objection has been made, the report will be adopted absent clear error, but on points where a party has filed timely objections, the court shall review the report de novo. Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). Here, regardless of the standard of review applied, the Report warrants adoption in full.

The Report concludes that attorney's fees for plaintiffs' counsel should be reduced by 50% due to errors and poor drafting in plaintiffs' filings, including mistakes as to the interest rate

1

used, the number of days of delinquent payment, and plaintiffs' failure to file a notice of motion and memorandum of law in violation of Fed. R. Civ. P. 7(b)(1) and Local Civil Rule 7.1(a). The Court finds no reason to reach an alternative outcome. First, calculation errors and poor drafting merit fee reductions by casting doubt on the accuracy of a party's submissions to the court and forcing the court to expend resources unnecessarily as a result. See, e.g., Trs. of the United Teamster Fund v. Mufflers, Inc., No. 07-CV-1425, 2008 WL 2114955, at *6 (E.D.N.Y. May 19, 2008) (reducing by 50 percent plaintiffs' counsel's total fee request in part because plaintiffs' filings in the case "caused the court to expend its own time to conduct legal research and calculate interest rates and other figures accurately").

Second, the procedural requirements of Fed. R. Civ. P. 7(b)(1) and Local Civil Rule 7.1(a) are crystal clear, and plaintiffs' own past practice of ignoring those rules in other cases does not excuse their circumvention. Indeed, plaintiffs have already been duly warned of the possibility that failure to follow the motion and memorandum requirements could be cause for a fee reduction — if not denial of a default judgment motion in its entirety. See Gesualdi v. Mack Excavation & Trailer Service, Inc., No. 09-CV-2502, 2010 WL 985269, at *2 n.1 (E.D.N.Y. Feb. 12, 2010), aff'd in relevant part, 2010 WL 985294, at *2 (E.D.N.Y. Mar. 15, 2010). Even worse, plaintiffs have *again* repeated the very same excuse for their failure to abide by the procedural requirements — namely, that a former "Judgment Clerk" of the Court had supposedly advised plaintiffs' counsel that compliance with those procedural rules was unnecessary — that Judge Matsumoto firmly rejected in Mack Excavation. See 2010 WL 985294, at *2 ("[P]laintiffs' attorneys are cautioned to independently research and comply with the federal and local rules, rather than rely on 20 year old advice from a "Judgment Clerk" to avoid such a dire consequence for their clients in the future."). The Federal Rules of Civil Procedure and the Local Civil Rules

must be followed by *all* parties, even those who are frequent litigants before this Court. It is clear that plaintiffs' counsel have not heeded the warnings that have been provided to them, and a fee reduction is warranted on this basis alone.

## II. CONCLUSION

For all the foregoing reasons, the Court adopts the Report in its entirety. Accordingly, default judgment is entered against defendant and in favor of plaintiffs as follows: (a) $79,366.32 for unpaid contributions, (b) $9,120.04 in interest, (c) liquidated damages of $15,873.26, (d) $1552.25 in attorney's fees, and (e) $484.03 in other costs, for a total of $106,395.90.

The Clerk is directed to enter judgment and close this case.

SO ORDERED.


Dated: Brooklyn, New York
       July 19, 2011

                                              s/ENV

                                    ERIC N. VITALIANO
                                    United States District Judge